**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**DUSTYN BENNETT,**

**Plaintiff,**

**v.** **No. 2:26-cv-01211-DLM-JHR**

**LEA COUNTY BOARD**
**OF COUNTY COMMISSIONERS,**

**Defendant.**

**ORDER SETTING CASE MANAGEMENT DEADLINES AND DISCOVERY PARAMETERS**

**THIS MATTER** came before the Court on a Rule 16 scheduling conference held on July 29, 2026. Following a review of the parties' Joint Status Report and Provisional Discovery Plan, and after conferring with the parties, the Court will permit the following discovery:

a) Maximum of 25 Interrogatories by any party to any party.

b) Maximum of 25 Requests for Production by any party to any party.

c) Maximum of 25 Requests for Admission by any party to any party.

d) Maximum of 10 Depositions by Plaintiff and 10 Depositions by Defendant; and

e) Each deposition is limited to 4 hours (except parties and experts) unless otherwise agreed to by the parties.

Service of interrogatories, requests for production, and requests for admission shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.

The Court has set the following case management deadlines for discovery:

a) Deadline for Plaintiff to move to amend pleadings/ add additional parties:[1] August 28, 2026

[1] Federal Rule of Civil Procedure 16 requires that the Court set a deadline for amendment of pleadings and joinder of parties. A party seeking to amend the pleadings after the above dates must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b) and satisfy the requirements for amendment

b) Deadline for Defendant to move to amend pleadings/ add additional parties:[1] September 11, 2026

c) Plaintiff's Rule 26(a)(2) expert disclosures:[2] October 21, 2026

d) Defendant's Rule 26(a)(2) expert disclosures:[2] November 20, 2026

e) Plaintiff's disclosure of rebuttal experts, if any: 15 days from service of Defendant's expert reports

f) Termination date for discovery: December 21, 2026

g) Motions relating to discovery to be filed by: January 5, 2027

h) Pretrial motions other than discovery motions to be filed by:[3] February 9, 2027

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v), "before moving for an order relating to discovery, the movant must request a conference with the court" to attempt to informally resolve the dispute. Discovery motions that fail to conform to this requirement may be summarily denied. Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

IT IS SO ORDERED.

HON. JERRY H. RITTER
United States Magistrate Judge

under Federal Rule of Civil Procedure 15(a). *See, e.g.*, *Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014).

[2] Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[3] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The presiding judge will set a deadline for the submission of motions in limine and other trial-related deadlines in a separate order.