**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DUSTYN BENNETT,**

Plaintiff,

v. 2:26-cv-01211-DLM-JHR

**LEA COUNTY BOARD OF COUNTY COMMISSIONERS,**

Defendant.

**STIPULATED CONFIDENTIALITY ORDER**

The Parties have agreed that certain information that is or may be the subject of discovery and disclosures in this case is or may be confidential. Therefore, the Parties have requested the Court to enter this Order to protect certain confidential materials from public disclosure.

Pursuant to this request and Fed. R. Civ. P. 26(c), the Court finds that this Order is warranted, and makes and enters the following protective order.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that:

A. The parties may designate as "Confidential" information, documents, and other materials pertaining to medical records, personnel files, investigative reports, and internal memoranda, confidential policies, or confidential procedures; including information and documents voluntarily produced as or in connection with initial or supplemental disclosures, answers to interrogatories, responses to requests for production, responses to requests for admissions, documents produced pursuant to any other discovery order or rule, and deposition transcripts or recordings of depositions, produced, served or made in response to any discovery conducted by the Parties in the above-captioned matter, and this Order shall govern the treatment

thereof.

B. As used in this Order, "Confidential Materials" shall refer to any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials, or any portion thereof, which is designated "Confidential" by any party to this lawsuit pursuant to the categories outlined in section A; provided, however, the Parties may not designate as "Confidential" a document or exhibit that is produced by a Party other than itself. The Parties may designate as "Confidential" any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials that comports with section A and that counsel in good faith believes merits protection.

C. The parties acknowledge that this Order does not entitle them to seal all confidential information filed with the Court. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., about discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the documents or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is

the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion under seal. If the designating party does not file a responsive declaration within the fourteen (14) day time period, the submitting party may file the document in the public record.

D. This Order shall not apply to any information, documents, and other materials that are available to the public pursuant to 5 U.S.C. § 552 ("FOIA"), or N.M.S.A §§ 14-2-1 to 14-2-11 ("IPRA"), and any other statute, rule, or policy; or any information, documents, and other materials that have not previously been kept in a confidential manner.

E. Upon producing any document or other discovery material, the producing Party may designate all or any portion or portions thereof as "Confidential," which complies with section A. The Parties may designate any portion of any deposition transcript as "Confidential."

F. Confidential Material shall be disclosed only to the Parties (or their officers, employees, agents or insurers to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named Parties in this action (including their legal staff), and outside expert witnesses employed by the Parties or their attorneys for this action. All such persons shall use such Confidential Materials solely in the preparation for trial of this action and for no other purpose. All outside expert witnesses and any other non-party entities may sign a copy of this Order, which shall be retained by the attorney by whom they were employed. By

signing a copy of this Order each such person agrees to be bound by the terms of the Order and to be subject to the jurisdiction of this Court.

G. Confidential Materials may be disclosed to deponents during their depositions. However, the attorney disclosing such Confidential Materials must advise the deponent on the record that, pursuant to this Order, such person may not divulge such Confidential Materials to any other person. If the deponent is a non-party, the deposing attorney must obtain the deponent's signature pursuant to section F binding them to the terms of this Order.

H. The parties and signatories to this Order agree that the provisions of this Order will remain binding on them until and unless the parties mutually agree to terminate its protection, or the parties notify the Court and each other of a desire to re-open the case to modify and/or enforce the protective order.

I. Any new party to this lawsuit will be allowed to review this protective order and stipulate to or contest it.

J. All Confidential Materials produced by any party shall be returned within thirty (30) days of the conclusion of this lawsuit. No copies thereof shall be retained by any person. The parties agree to consult with each other regarding the disposition of any remaining Confidential Materials after the conclusion of this lawsuit, and to determine whether the non-producing party has a legitimate need to retain the Confidential Materials, or whether they should be returned to the producing party. In the event that the parties determine that the Confidential Materials need to be retained by the non-producing party, then the terms of this Order shall remain in effect until such time as the attorney for the non-producing party returns such Confidential Materials to counsel for the producing party or certifies their destruction.

K. If documents, answers or other discovery materials have been furnished, disclosed or produced prior to the entry of this Order but have been marked with the designation "Confidential," such documents, answers or other materials, including all copies thereof, shall be deemed to have been furnished as if this Order was in effect at the time such documents, answers or other discovery materials were furnished, filed or produced.

L. Nothing contained in this Order shall preclude the producing Party from using, in any manner it sees fit, documents or information designated "Confidential" by the producing Party, or from revealing such "Confidential" documents or information to whomever it chooses, without prior consent of the nonproducing Party or of this Court.

M. If a court or administrative body, other than those in which the litigation is pending, subpoenas or orders production of stamped "Confidential" documents, the Party to whom the subpoena or order is directed shall notify the Party who stamped the document as "Confidential" of the issuance of such subpoena or order in time to allow the Party who stamped the document as "Confidential" to contest the propriety of the subpoena or order.

N. In the event of production or disclosure of any document or answer to interrogatory or request for admission which the producing Party believes should have been marked "Confidential" which is produced without that designation, the producing Party may, upon discovery of such production without designation, request the marking [and designation] of any such document or other materials as "Confidential" and thereafter such materials and all copies of it shall be subject to the provisions of this protective order respecting the treatment of materials so stamped.

O. This Order only applies to pretrial disclosure and post-trial return of confidential

materials. The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

HON. JERRY H. RITTER
United States Magistrate Judge